No. 19,456.

W. H. DODDERIDGE, *Appellee,* v. J. F. BACON, *Appellant.*

SYLLABUS BY THE COURT.

CONTRACT—*Sale of Land—Refusal of Vendor to Convey—Action to Recover Cash Payment—No Error in the Record.* In an action to recover the first payment on the purchase price of land on the ground that the seller refused to comply with the terms of the agreement and execute a conveyance it is held that the petition states a cause of action, that there was no error in the instructions, and that the judgment in plaintiff's favor must be affirmed.

Appeal from Morris district court; ROSWELL L. KING, judge. Opinion filed July 10, 1915. Affirmed.

*Lee Monroe,* of Topeka, and *W. S. Roark,* of Junction City, for the appellant.

*M. B. Nicholson,* and *W. J. Pirtle,* both of Council Grove, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The defendant Bacon entered into a written contract on December 20, 1910, by which he agreed to sell to John H. Swinburn a quarter section of land in Morris county, $400 being paid in cash and the balance, $3600, to be paid on March 1, 1911, at which time the deed and possession of the land were to be delivered to the purchaser. Two or three days before March 1, Swinburn called at the office of defendant and asked for the abstract and deed so he could have them examined, and was informed that the papers were not ready. He went again on March 1, and on March 3, and demanded the papers. He claims that he had the money in the bank at that time to pay the balance due on the land, and that he told the defendant he was ready to settle, but that defendant was not ready at that time to close the deal, claiming that certain papers had not arrived from Nebraska. Swinburn then demanded the money he had advanced, but payment was refused. There was testimony showing that the matter ran along for some time, and in April an abstract was furnished to which some objections were made by Swinburn, but later in the summer he called the attention of the defendant to certain defects

in the title and said if these were corrected he would pay the balance of the purchase money; that the defendant refused to have the corrections made.

On September 26, 1911, Swinburn assigned and transferred his interest in the contract to the plaintiff, W. H. Dodderidge, who subsequently demanded of Bacon a deed to the premises, offering and tendering to pay the balance of the purchase price, but the offer was refused. Plaintiff then brought this action to recover the $400. The court overruled a demurrer to the petition, and the defendant answered with a general denial and a special denial that either Swinburn or the plaintiff had ever tendered the sum of $3600 in payment of the balance due, and denying specially that the defendant had ever in any way failed or refused to perform the obligations of the contract, and averring that he has at all times been ready and willing to perform his part of the contract. The answer further alleged that Swinburn, on or immediately after the first day of March and at different times thereafter, renounced all obligations on his part under the contract, and verbally notified the defendant that he would not be bound by the same or perform any part of it. The jury returned a general verdict in favor of the plaintiff for the $400 and interest. The court denied a motion for a new trial, and the defendant appeals.

It was the contention of the appellant throughout the trial that Swinburn proceeded from the first on the mistaken theory that time was of the essence of the contract and that he had the right to consider the contract at an end because of the failure of the defendant to make the conveyance at the agreed time. It may be that Swinburn was under that impression but the case was not tried upon any such theory. The court instructed the jury that time was not of the essence of the contract and that defendant had a reasonable time in which to tender the deed after the first day of March. Besides, the evidence shows that whatever Swinburn may have believed on the third day of March with respect to his rights, he did along in the summer offer to pay the balance of the purchase price if certain defects were corrected in the abstract and the deed were executed. There was no error in the refusal to instruct that the defendant was not required by the terms of the written contract to furnish an abstract. The evidence shows without dispute that subsequent to the making of the contract Swin-

burn requested an abstract, which the defendant agreed to furnish, and that he afterwards did furnish one.

It is insisted that the court erred in overruling a demurrer to the petition and in admitting testimony under it because the petition set out a copy of the contract and alleged a tender of the balance due on March 1, a demand for a deed, and the defendant's refusal to comply with the terms of the contract without alleging that the defendant failed within a reasonable time after March 1 to perform the agreement. We think the petition was not demurrable. It set out a copy of the contract and alleged a compliance with the terms of the agreement on the part of the plaintiff and Swinburn and the refusal of the defendant on March 1, without any legal cause or excuse, to execute and deliver the deed. It is true that time was not of the essence of the contract, as appears by the instrument itself, but it was unnecessary to allege in the petition that defendant refused within a reasonable time after the first of March to comply with the agreement. The petition alleged that on September 26, 1911, before beginning the action, Dodderidge demanded of the defendant a deed and then and there offered to pay the balance of the purchase price, and this is the same thing as a statement to the effect that defendant had from the first of March until the 26th day of September during which time he had failed to comply with the terms of the contract.

The plaintiff testified that after he had acquired the assignment of the contract he went to the defendant and offered to perform his part of the contract and demanded a conveyance, but that the defendant informed him that it would cost him "$500 more to get it now."

The judgment is affirmed.